## WOOD v. SIMPSON.

(Supreme Court. Appellate Division, First Department. March 8, 1912.)

1. BANKRUPTCY (§ 188*)—PROPERTY—RIGHTS OF PLEDGEE—STOLEN PROPERTY.

   A bankrupt corporation delivered a pearl necklace to S. to sell to a certain customer. S., without authority, pledged it to defendant about December 21, 1905, and thereafter procured another to redeem it for the purpose of selling it, and later, on February 15, 1906, with the full knowledge and consent and active participation of the bankrupt's president, again pledged the necklace to defendant for $3,000, delivering the pawn ticket to the bankrupt's president. *Held* that, notwithstanding the original possession of the necklace by S. was larcenous, defendant's possession was pursuant to the later pledge, and this having been consented to by the corporation, the bankrupt's trustee could not recover the necklace in replevin irrespective of the factors' act.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 704, 705; Dec. Dig. § 188.*]

2. CORPORATIONS (§ 404*)—ACTS OF OFFICERS—CONCLUSIVENESS.

   Where the president of a corporation participated in a pledge of certain jewelry belonging to the corporation, the corporation was bound by his act, notwithstanding the corporation itself was a mere shell without capital, and was fraudulently organized as part of a scheme to defraud wholesale jewelers.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1626–1628, 1633–1639; Dec. Dig. § 404.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. CORPORATIONS (§ 542*)—TRANSFER OF ASSETS—PLEDGES.

Where property of a corporation was pledged to one not an officer or stockholder for money presently advanced, and not to secure a pre-existing debt, the pledge was not invalid as against the pledgee under Stock Corporation Law (Consol. Laws 1909, c. 59) § 66, providing that no corporation having refused to pay any of its obligations when due shall transfer any of its property to any of its officers, directors, or stockholders in payment of any debt or for any other consideration than the full value of the property paid in cash.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2154–2160; Dec. Dig. § 542.*]

Appeal from Trial Term, New York County.

Action by Rawson L. Wood, as trustee in bankruptcy of Edelhoff Bros. & Co., against Thomas Simpson, doing business under the name and style of R. Simpson & Co. From a judgment for plaintiff, and from an order denying defendant's motion for new trial, he appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, McLAUGHLIN, CLARKE, and MILLER, JJ.

Charles Blandy, for appellant.

Charles S. Mackenzie, for respondent.

MILLER, J. The action is in replevin to recover a pearl necklace. The jury have found, upon what we shall assume was sufficient evidence, that the necklace was delivered to one Conrad Schickerling by "Edelhoff Bros. & Co.," the bankrupt corporation, for the sole purpose of selling it to a Mrs. Adler for $12,500, and that Schickerling, without authority of said corporation, pledged it with the defendant on or about December 21, 1905. The undisputed evidence shows that Schickerling procured a Mr. Myer to redeem the necklace for the purpose of selling it, and that subsequently, and on the 15th day of February, 1906, with the full knowledge, consent, and active participation of Gustave Edelhoff, the president of said corporation, it was again pledged with the defendant for a loan of $3,000; the pawn ticket being delivered to said Edelhoff. The jury found, however, that said Edelhoff did not consent to the repawning with full knowledge of the former pawning. The original complaint charged that Schickerling wrongfully and unlawfully pledged the necklace with the defendant on February 15, 1906, but on the trial the plaintiff was permitted to amend the complaint to change the date to December 21, 1905.

[1] The finding of the jury as to the second pawning is plainly against the evidence, and we think the amendment of the complaint does not affect the situation. Assuming that the original possession of the necklace by Schickerling was larcenous so that the defendant would not have the benefit of the factors' act (see Freudenheim v. Gutter, 201 N. Y. 94, 94 N. E. 640; Schmidt v. Simpson, 204 N. Y. 434, 97 N. E. 966, decided February 13, 1912), the second pledge or pawning was procured by the corporation itself through its president. The defendant's possession is under the pledge of February 15th. The corporation, by its president, not only assented to, but actively par-

ticipated in procuring, that pledge to be made. It was therefore binding on the corporation irrespective of the factors' act.

[2] The plaintiff adduced considerable evidence to show, and now argues, that the corporation, Edelhoff Bros. & Co., was organized by said Schickerling as a part of a scheme to defraud the wholesale jewelers, that said Gustave Edelhoff, its president, was a mere dummy, and the corporation itself a mere shell without capital; and the proposition is asserted that the corporate entity can be distinguished from its officers and stockholders, and that, the scheme in its inception having been fraudulent, the taking and pledge of the necklace amounted to a theft from the corporation, even though every officer and member of it knew of, assented to, and participated in the act. We are unable to follow the argument leading to that conclusion. The plaintiff can maintain this action only in the right of the corporation. It would be a novel doctrine in the law and lead to unexpected results if the corporate entity could be so far distinguished from its members and officers as to prevent its being bound by the acts of the only persons through whom it can act. Of course, there is no question here of ultra vires acts. If the corporation was a device to steal from the wholesale jewelers, it may be that they could recover their property. The theft in such case would be from them, not from the bankrupt corporation of which the plaintiff is trustee.

[3] The respondent also argued that the pledge was in violation of section 66 of the stock corporation law, the corporation being insolvent, and was therefore void. There would be point in that contention if the defendant had been an officer, director, or stockholder, and if the pledge had been made to secure a pre-existing debt. He is not accountable for the use which Edelhoff and Schickerling made of the money obtained on the pledge.

The judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event. All concur.