from them, not from the bankrupt corporation of which the plaintiff is trustee.

The respondent also argued that the pledge was in violation of section 66 of the Stock Corporation Law (Consol. Laws, chap. 59; Laws of 1909, chap. 61), the corporation being insolvent, and was, therefore, void.   This section re-enacted section 48 of the former Stock Corporation Law (Gen. Laws, chap. 36 [Laws of 1892, chap. 688], as amd. by Laws of 1901, chap. 354). There would be point in that contention if the defendant had been an officer, director or stockholder, and if the pledge had been made to secure a pre-existing debt.   He is not accountable for the use which Edelhoff and Schickerling made of the money obtained on the pledge.

The judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

INGRAHAM, P. J., McLAUGHLIN, LAUGHLIN. and CLARKE JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.

---

RAWSON L. WOOD, as Trustee in Bankruptcy of EDELHOFF BROTHERS AND COMPANY, Bankrupt, Appellant, *v.* THOMAS SIMPSON, Doing Business under the Name and Style of R. SIMPSON AND COMPANY, Respondent.   (Action No. 2.)

First Department, March 8, 1912.

See head note in *Wood* v. *Simpson, No. 1 (ante,* p. 471).

APPEAL by the plaintiff, Rawson L. Wood, as trustee, etc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York upon the verdict of a jury, and also from an order entered in said clerk's office denying the plaintiff's motion for a new trial.

*Charles S. Mackenzie,* for the appellant.

*Charles Blandy,* for the respondent.

PER CURIAM:

For the reasons stated in the opinion in *Wood* v. *Simpson No. 1* (149 App. Div. 471), decided herewith, the judgment and order appealed from should be affirmed, with costs.

Present — INGRAHAM, P. J., McLAUGHLIN, LAUGHLIN, CLARKE and MILLER, JJ.

Judgment and order affirmed, with costs.